

# THE ATTORNEY GENERAL
# OF TEXAS

January 3, 1989

JIM MATTOX
ATTORNEY GENERAL

Honorable Carl A. Parker
Chairman
Senate Education Committee
Texas State Senate
P. O. Box 12068
Austin, Texas 78711

Opinion No. JM-1002

Re: Authority of the Texas Higher Education Coordinating Board over proprietary schools which confer only non-academic degrees, and related questions (RQ-1536)

Dear Senator Parker:

You ask:

> 1. Does the TEA have exclusive jurisdiction over proprietary schools which confer only non-academic degrees, such as AAA, AAS and Associate of Occupational Studies ('AOS') degrees?

> 2. Does the authority of the Coordinating Board extend beyond the scope of its authority under Chapter 61 of the Texas Education Code to proprietary schools which confer only non-academic degrees, such as AAA, AAS and AOS degrees? If so, what is the statutory basis for extending the jurisdiction of the Coordinating Board beyond institutions of higher education?

> 3. If the TEA does have exclusive jurisdiction over proprietary schools, can the TEA abdicate its duty to supervise and regulate proprietary schools, which has been specifically entrusted to it by the legislature, by delegating such responsibility to the Coordinating Board, an entity that has no express statutory authority for that responsibility and that is statutorily limited in its authority solely to those matters which the legislature has expressly entrusted to it?

Your request indicates that by "TEA" you mean the Texas Education Agency, or Central Education Agency, as it is referred to by statute, and by Coordinating Board you mean the Texas Higher Education Coordinating Board. The AAA and AAS degrees referred to are the Associate of Applied Arts and Associate of Applied Science degrees offered by certain private educational institutions in this state.

We understand that your request was prompted by a proposed agreement between TEA and the Coordinating Board that such degree programs would be subject to the requirements of chapter 61, subchapter G, of the Education Code, section 61.304 of which provides that:

> [a] person may not grant or award a degree on behalf of a private institution of higher education unless the institution has been issued a certificate of authority to grant the degree by the [Coordinating Board] in accordance with the provisions of this subchapter.

Subchapter G of chapter 61 of the Education Code was enacted in 1975. Acts 1975, 64th Leg., ch. 587, at 1867. It appears that from the time of that enactment in 1975 until 1981, the Coordinating Board issued certificates of authority pursuant to subchapter G for such associate degrees. In 1981, the Coordinating Board amended its administrative rules to provide that such "non-academic" associate degree programs would no longer be under the jurisdiction of the Coordinating Board, leaving proprietary schools offering such degrees under the jurisdiction of the TEA under the Proprietary School Act, Education Code, chapter 32.[1]

---

1.  Section 61.311, provides:

> (a) The board shall promulgate standards, rules, and regulations governing the issuance of certificates of authority.

> (b) The board may delegate to the commissioner such authority and responsibility conferred on the board by this subchapter as the board deems appropriate for the effective administration of this subchapter.

The number of schools offering such associate degrees has apparently grown from three in 1981 to more than 25 in 1988. It is now proposed that the Coordinating Board take back jurisdiction over AAA and AAS programs.

Chapter 32 of the Education Code, the Texas Proprietary School Act, provides that the TEA "shall exercise jurisdiction and control" of proprietary schools. Educ. Code § 32.21. "Proprietary school" is defined in section 32.11, subdivision (1) as:

> 'Proprietary School,' referred to as 'school,' means any business enterprise operated for a profit, or on a nonprofit basis, which maintains a place of business within the State of Texas, or solicits business within the State of Texas, and which is not specifically exempted by the provisions of this Chapter and;
>
> (A) which offers or maintains a course or courses of instruction or study; or
>
> (B) at which place of business such a course or courses of instruction or study is available through classroom instruction or by correspondence, or both, to a person or persons for the purpose of training or preparing the person for a field of endeavor in a business, trade, technical, or industrial occupation, or for avocational or personal improvement, except as hereinafter excluded.

Subchapter G of chapter 61, section 61.304 of which provides that degrees may not be awarded by a "private institution of higher education" unless the institution has obtained a certificate of authority from the coordinating board, defines "private institution of higher education" as follows, at section 61.302 subdivision (2):

> 'Private institution of higher education' or 'institution' means an educational institution which:
>
> (A) is not an institution of higher education as defined by Section 61.003(7) of this code;
>
> (B) is incorporated under the laws of this state, maintains a place of business in this

> state, has a representative present in this
> state, or solicits business in this state;
> and
>
> (C) <u>furnishes or offers to furnish courses
> of instruction in person, by electronic
> media, or by correspondence leading to a
> degree or providing credits alleged to be
> applicable to a degree</u>. (Emphasis added.)

"Degree" is defined in subdivision (1), section 61.302, as follows:

> (1) 'Degree' means any title or designa-
> tion, mark, abbreviation, appellation, or
> series of letters or words, including <u>asso-
> ciate</u>, bachelor's, master's, doctor's, and
> their equivalents, which signifies, purports
> to, or is generally taken to signify satis-
> factory completion of the requirements of all
> or part of a program of study leading to an
> <u>associate</u>, bachelor's, master's, or doctor's
> degree or its equivalent. (Emphasis added.)

Your questions distinguish between "academic" and "non-academic" degrees, suggesting that subchapter G, chapter 61 provisions are directed at only academic degrees. The distinction between academic and non-academic degrees is not made in the Education Code or elsewhere in applicable Texas statutes. In 1981, the Coordinating Board amended its administrative rules to make such a distinction at the time it relinquished its authority over applied, or non-academic, associate degrees. The definition of "degree," now in 19 T.A.C., section 5.211, was at that time narrowed to encompass only degrees issued to signify completion of an "academic degree-level program." 6 Tex. Reg. 1600 (1981). What is now subsection (c) of 19 T.A.C., section 5.213, was amended at that time to provide that the board would not accept applications for certificates of authority pertaining to a program "not generally in use and accepted as an academic degree program." <u>Id</u>. These amendments were effective August 7, 1981. 6 Tex. Reg. 2644 (1981).

Presumably the rules limiting Coordinating Board authority under chapter 61 to "academic degrees" will be amended if and when the Coordinating Board reasserts its jurisdiction over non-academic associate degrees such as the AAA and AAS degrees. We find nothing in chapters 32 or 61 of the Education Code or other provisions of Texas law which would prevent the board from subjecting proprietary school

non-academic associate degrees to the requirements of chapter 61, once the appropriate rule changes are made.

We note that you do not ask about and we do not address the validity of the 1981 rule changes made by the board[2] or the validity of any particular rule the Coordinating Board might adopt to reassert its jurisdiction over the proprietary school associate degree programs in question.

Just as Texas statutes make no distinction between academic and non-academic degrees, no distinction is made between associates degrees which are "applied," such as the AAA and AAS degrees, or not "applied." The definition of degree in chapter 61 encompasses any "degree" having in its designation the word "associate."

The legislature evidenced its concern that the use of such a designation be regulated by the Coordinating Board "to prevent deception of the public resulting from the conferring and use of fraudulent or substandard college and university degrees." Educ. Code § 61.301. We do not think that the fact that a school is a proprietary school, which may not be a college or university in the ordinary sense, supports the conclusion that it is not the sort of institution at which chapter 61 is directed, if the school fits within the definition of a "private institution of higher education," chapter 61, on its face, makes it subject to board control vis a vis its awarding of degrees.

Your request and a brief submitted in connection with your request by a law firm representing the Texas Association of Private Schools argue that section 61.070 of the Education Code indicates that the Coordinating Board was granted no statutory jurisdiction over proprietary schools awarding applied associate degrees. Section 61.070 provides:

> None of the duties or functions assigned
> by statute to the central education agency,

_____

2. But see subsection (b) of section 61.311 authorizing the board to delegate subchapter G responsibilities to the Commissioner of Education, who is executive officer of the TEA pursuant to sections 11.51 et seq. of the Education Code. The text of section 61.311 is reprinted in footnote 1 of this opinion.

> except those relating to public junior
> colleges, are affected by this chapter.

However, we find no statute, either in the Proprietary School Act or elsewhere, which assigns the duty or function to the TEA of authorizing proprietary schools to grant particular degrees. The administrative rules discussed above might have been adopted with the intention of relinquishing such duties or functions to the TEA, but those rules are not "statutes" within the meaning of section 61.070.

Briefs submitted in connection with your request also argue that Attorney General Opinion M-143 (1967) distinguished academic and non-academic degrees or certificates in concluding that a state law requiring students to complete American history and government courses in order to obtain a "baccalaureate" or "lesser degree or academic certificate" did not apply to "vocational or technical course certificates given for courses approved by or subject to approval of the State Board of Vocational Education." Attorney General Opinion M-143 (1967), at 7. However, we do not find in that opinion any authority for making such distinctions among "degrees" under chapter 61. The definition of "degree" in section 61.302 makes no such distinction. Notably, the provisions of chapter 61 were not enacted until eight years after the issuance of Attorney General Opinion M-143.

Accordingly, we conclude in response to your first question that the TEA does not have exclusive jurisdiction over proprietary schools which confer only non-academic degrees such as AAA, AAS, and Associate of Occupational Studies Degrees. Where a proprietary school, as defined in section 32.11 of the Education Code, also fits the definition of a "private institution of higher education" under section 61.302, we think that it is subject to the requirement of chapter 61, that it may not award degrees until it has been issued a certificate of authority by the Coordinating Board to grant such degrees, including applied associate degrees.

Your second question asks whether the Coordinating Board's authority extends beyond the scope of its authority under chapter 61 to proprietary schools which offer such degrees. We find that the Coordinating Board has such authority under chapter 61 itself pursuant to the provisions of that chapter cited and discussed above. Though such schools may fit the definition of "proprietary schools" under chapter 32, to the extent that they also fit the definition of "private institutions of higher education"

under chapter 61,  they are  subject to  the requirement  of that chapter  providing  that  they may  not  award  degrees unless they have been issued  a certificate of authority  by the Coordinating Board.  Educ. Code § 61.304.

Your third question assumes that the TEA has  exclusive authority over proprietary schools.  As we have concluded in our responses to your first two questions that the TEA <u>does not</u> have exclusive authority over those proprietary  schools that are  also "private  institutions of  higher  education" within the meaning  of chapter 61,  section 61.302, we  need not answer your third question.

## S U M M A R Y

Proprietary schools  which  offer  applied associate degrees  and which  otherwise  meet the definition  of "private  institutions  of higher education" under  Education Code  section 62.302 are subject to the requirement of section 61.304 that they  may not award  such degrees without having obtained a certificate of authority from the Texas Higher  Education Coordinating Board.

Very truly yours,

**JIM  MATTOX**
Attorney General of Texas

MARY KELLER
First Assistant Attorney General

LOU MCCREARY
Executive Assistant Attorney General

JUDGE ZOLLIE STEAKLEY
Special Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by William Walker
Assistant Attorney General